```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Special Learning, Inc.,        :

       Plaintiff,             :

    v.                         :     Case No. 2:14-cv-0126

Step by Step Academy, Inc.,    :     JUDGE MICHAEL H. WATSON
                                  Magistrate Judge Kemp
       Defendant.             :

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's motion for attorneys' fees. (Doc. 103). The matter has been fully briefed and is now ripe for decision. For the reasons that follow, it will be recommended that the motion for attorneys' fees be denied.

## I. Introduction

The parties to this case are Special Learning, Inc. ("Special Learning") and Step by Step Academy, Inc. ("SBSA"). The case involved various claims and counter-claims between the parties regarding a number of commercial contracts. A jury trial was held and the jury reached a mixed verdict, finding for Special Learning on some claims, and for SBSA on some claims. The total damages awarded to Special Learning were $36,825.16 and total damages awarded to SBSA were $130,141.77, resulting in a net award to SBSA of $93,316.61. The only claims relevant for the purposes of this motion are related to a Software Development Agreement ("SDA"), through which SBSA retained Special Learning as an independent contractor to develop a software application to automate key functions within SBSA's business. Both Special Learning and SBSA claimed that the other had breached the SDA. With respect to Special Learning's claim against SBSA for breach of the SDA, the relevant responses in the Jury Verdict Form were as follows:

> "Do you find Defendant breached the [SDA]?
> If you find the [SDA] was modified by the
> parties, you must find that the modified
> [SDA] was breached before finding for
> Plaintiff on this claim.
>
> Answer: Yes
>
> Consider the amount by which Plaintiff was
> damaged with respect to the [SDA].  Consider
> any amount by which Plaintiff's damages
> should be reduced by Plaintiff's own
> promissory fraud or failure to mitigate
> damages, if any.  Subtract that amount, if
> any, from Plaintiff's damages.  Mark on the
> line below the total net damages you award to
> Plaintiff with respect to the [SDA].
>
> Answer: $0.00"

(Doc. 98).  The jury found that Special Learning had not breached the SDA.  Id.  Special Learning now seeks attorneys' fees in the amount of $81,067.90 plus costs and expenses in the amount of $22,964,92, premised on an attorneys' fees provision in the SDA.

The SDA is governed by Ohio law, and contains the following provision:

> "**Attorney Fees:** If any legal action is
> necessary to enforce this Agreement, the
> prevailing party will be entitled to
> reasonable attorney fees, costs and
> expenses."

(Doc. 1-3 at 6). The threshold question raised by the motion is whether Special Learning is a "prevailing party" which would entitle it to attorney fees under the SDA.

## II.  Discussion

The motion for fees asserts that because Special Learning is a prevailing party under the claim for breach of the SDA, it is entitled to attorney fees and costs related to that claim.  The SDA does not define the term "prevailing party," so the Court looks to applicable case law for guidance.

-2-

This Court recently considered a case where the attorney fees clause was in a merger agreement, and there was no clear prevailing party. Escus v. Sequent, Inc., 2015 WL 470838 (S.D. Ohio Feb. 4, 2015). The Court first looked to the specific language of the attorney fees clause in the agreement, but finding no definition in the agreement, looked to the case law surrounding the definition of a prevailing party under Fed.R.Civ.P. 54(1). In Escus, both parties were successful on some, but not all, of the claims in relation to the merger agreement. The court noted that "*the* prevailing party" language in the attorney fees clause clearly showed the intent that only one party would be considered to be prevailing in the event of a dispute over the agreement. Id. at *2. However, the court did not construe the agreement to necessarily mandate an award to either party, "but only where there is a prevailing party." (Emphasis added). Id. The Escus court, denying the motion for attorney fees, held that the parties had essentially "achieved equipoise on their merger agreement claims. This is important in light of the Court of Appeals' recognition that "a party is the prevailing party where (1) it receives at least some relief on the merits of its claim; and (2) there is a judicially sanctioned change in the legal relationship of the parties." Id. at *5. (citing Maker's Mark Distillery, Inc. V. Diageo N. Am., Inc., 679 F.3d 410, 425 (6th Cir. 2012)).

There is some disagreement among state courts regarding whether a finding of liability with no damages is sufficient for a party to be deemed a prevailing party. The Colorado Supreme Court explored this issue in Dennis I. Spencer Contractor, Inc. v. City of Aurora, 884 P.2d 326 (Colorado 1994). In that case, the trial court held, and the intermediate appellate court affirmed, that despite the fact that the City of Aurora had been found to have breached a settlement agreement, it was the

-3-

prevailing party for purposes of awarding attorney fees because it had "achieved its goal of avoiding payment of damages." Id. at 329. The lower courts had relied on the standard set out by the United States Supreme Court for awarding attorney fees under the Civil Rights Attorney's Fees Awards Act, which required the applicant for fees to "have succeeded upon a significant issue presented by the litigation and [to] have achieved some of the benefits that he sought in the lawsuit." Id. (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)).  The Aurora court acknowledged that other jurisdictions had held that a party who violates a statutory or contractual obligation but recovers no damages is not entitled to an award of attorney fees. Id. at 330-331 (internal citations omitted).  However, the court disagreed with this approach, reasoning that "where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." Aurora, 884 P.2d at 332.  The court noted that its holding was further supported by the plain language of the settlement agreement as negotiated by the parties, as well as a stipulation which conditioned attorney fees on the jury's verdict, which "encompassed a determination that Aurora's conduct....constituted a breach of the settlement agreement."  The court further ruled that the jury's determination impacted the legal relationship between the parties by effectively severing it.  Id. at 333.

The Chief Justice of the Supreme Court of Colorado, dissented, concluding that the rule adopted by the majority "obligates courts to award attorney fees based solely on liability without the consideration of the damages flowing from the breach" and "fails to consider defendants who successfully defend against damage claims." Id. at 335.  The dissent cited a number of cases in support, including Malagon v. Solari, 566 S.2d

-4-

352, 353 (Fla.App. 1990) ("it is well settled that a plaintiff is considered the prevailing party if he recovers less than he sued for, *so long as he recovered something*"); and Militana v. Ladd, 605 S.3d 580 (Fla.App. 1992) (defendants in a negligence action were "parties recovering judgment" where the jury awarded nothing to the plaintiffs even though defendants admitted liability). The dissent further disagreed with the majority's view that the relationship between the parties had been changed, because the jury issued no command and awarded no damages with respect to the disputed agreement.  The reasoning in the dissent in Aurora is consistent with decisions from a number of other state and federal courts.  See Lewis v. Grange Mut. Cas. Co., 11 S.W.3d 591 (Ky. App. 2000) (plaintiff who obtained liability award on negligence claim but was not awarded damages was not a prevailing party entitled to costs); see also Sure Snap Corp. v. Baena, 705 So.2d 46 (Fla.App. 1997); Childers v. Edwards, 48 Cal.App 4th 1544 (1996); Tunison v. Continental Airlines Corp., 162 F.3d 1187 (D.C. Cir. 1998); PH Group Ltd. v. Birch, 985 F.2d 649 (1st Cir. 1993).

  Special Learning argues that it is a prevailing party because it is a "party in whose favor a judgment is rendered regardless of the amount of damages awarded." Buchannon Bd. & Care Home v. W. Virginia Dept. of Health & Human Res., 532 U.S. 598 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999). However, the Buchannon court went on to clarify that a prevailing party -"also termed a *successful party*," is one who has been awarded some relief by the court, and even an award of nominal damages suffices.  Id. at 603-604 (citing Farrar v. Hobby, 507 U.S. 103 (1992)(emphasis in original)).  The Supreme Court in Farrar further noted:

> "No material alteration of the legal relationship
> between the parties occurs until the plaintiff becomes
> entitled to enforce a judgment, consent decree, or

> settlement against the defendant. A plaintiff may demand payment for nominal damages no less than he may demand payment for millions of dollars in compensatory damages. A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay."

Id., 507 U.S. at 113.

In this case, although the jury found a breach of the SDA, Special Learning was not even awarded nominal damages. Applying the Farrar court's reasoning this means that, at least in relation to the SDA, the parties' legal relationship did not change. Special Learning has no right to enforce a judgment against SBSA on the breach of contract claim. There is further support for this conclusion reflected in the relevant federal case law. See, e.g. Snyder v. Shearer, 575 F.Supp. 156 (S.D. Iowa 1983) (plaintiffs were "prevailing parties" where they were not awarded money damages, but entered into a settlement agreement which required the defendant to change its policies and practices); Osseiran v. Int. Finance Corp., 68 F.Supp.3d 152 (D.D.C. 2014) (plaintiff was the prevailing party eligible for an award of costs, although he was awarded nominal damages of only one dollar, reasoning that a judgment in any amount modified the parties' relationship); cf. Cartright v. Stamper, 7 F.3d 106 (7th Cir. 1993) (award of damages of one dollar on each successful claim was *de minimus* and thus, no attorney fees should have been awarded to plaintiffs).

Viewing the parties' cross breach of contract claims, it is difficult to conclude that Special Learning is the prevailing party when neither of the two prongs of the Maker's Mark test are satisfied (i.e. a prevailing party must (1) receive at least some relief on the merits of its claim; and (2) there is a judicially sanctioned change in the legal relationship of the parties).

Maker's Mark, 679 F.3d at 425. It is clear that Special Learning cannot enforce a judgment on its breach of contract claim and there was no change in the legal relationship of the parties based on the jury's verdict. As this Court concluded in Escue, the parties have essentially reached an equipoise with respect to the claims of breach of the SDA. Thus, the Court cannot find that Special Learning is the prevailing party as intended by the language in the SDA.

SBSL raises an additional argument in its responsive brief - that Special Learning failed to prevail on its claim for breach of contract under Ohio law, which governs interpretation of the SDA. It asserts that although jury interrogatories may separate these elements into their respective sub-parts, an award of damages is an "essential element" of a breach of contract claim, without which a plaintiff cannot prevail. See, e.g. Doner v. Snapp, 98 Ohio App.3d 597, 601 (Miami Co.App. 1994). It is well settled that under Ohio law, the elements of a breach of contract claim are: 1) the existence of a contract between the parties; 2) performance by the plaintiff; 3) breach by the defendant; and 4) damage or loss to the plaintiff. Discover Bank v. Swartz, 51 N.E.3d 694, 699 (Montgomery Co. 2016). The Court agrees that Special Learning failed to achieve success on the final element of a breach of contract claim. This reasoning also supports the finding that Special Learning is not a prevailing party entitled to fees under the attorneys' fees clause in the SDA.

### III. Conclusion

For all the foregoing reasons, it is recommended that Special Learning's motion for attorneys' fees be denied.

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions  of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge