UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Special Learning, Inc.,

    Plaintiff,

    v.

Step by Step Academy, Inc.,

    Defendant.

Case No. 2:14–cv–126

Step by Step Academy, Inc.,

    Counter Claimant,

    v.

Karen Chung, *et al.*,

    Counter Defendants.

Judge Michael H. Watson

## OPINION AND ORDER

Special Learning, Inc. ("Plaintiff") objects to the report and recommendation ("R&R") issued by now-retired Magistrate Judge Kemp, which recommended denying Plaintiff's motion for attorneys' fees. Obj., ECF No. 116.

### I. BACKGROUND

After a jury trial on the various claims and counterclaims in this case, the jury rendered verdicts awarding $36,825.16 to Plaintiff and $130,141.77 to Step by Step Academy, Inc. ("Defendant") for a net award of $93,316.61 to Defendant.

Relevant to the instant motion, the jury answered "yes" to an interrogatory asking whether Defendant breached the Custom Software Development Agreement ("SDA") at issue in this case but awarded $0 in damages to Plaintiff for the breach. Verdict form 2–3, ECF No. 98.

Plaintiff thereafter moved for $81,067.90 in attorneys' fees and $22,964.92 in costs based on the jury's conclusion that Defendant breached the SDA. Mot. Atty. Fees, ECF No. 103. Defendant opposed the motion, Resp., ECF No. 106, and Plaintiff replied, Reply, ECF No. 108.

Magistrate Judge Kemp, to whom the case was assigned, issued an R&R that recommended denying Plaintiff's motion. R&R, ECF No. 115. The R&R explained that the SDA states in pertinent part, "[i]f any legal action is necessary to enforce this Agreement, the prevailing party will be entitled to reasonable attorney fees, costs and expenses." SDA 6, ECF No. 1-3, PAGEID # 70. The R&R then concluded that the SDA did not define the phrase "prevailing party," but that Plaintiff was not a prevailing party under applicable case law because Plaintiff did not win any damages on its breach of contract claim nor did the legal relationship of the parties change. R&R 6, ECF No. 115.

## II. STANDARD OF REVIEW

Magistrate Judge Kemp issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to.

Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

### III.   ANALYSIS

Plaintiff objects that the R&R misstates the facts and either misapplies the applicable law or applies the wrong law with respect to the R&R's primary conclusion that Plaintiff is not a "prevailing party" because it won neither damages nor a change in the relationship of the parties.

Notably, however, Plaintiff does not object to the R&R's second, separate conclusion that Plaintiff is not a prevailing party under Ohio law on its breach of contract claim because it did not achieve success on the final element of its claim—damages. R&R 7, ECF No. 115. The R&R agreed with Defendant on this "additional argument" that a breach of contract claim under Ohio law contains four elements: a contract, performance by the plaintiff, breach by the defendant, and damages to the plaintiff. *Id.* The R&R further agreed that although interrogatories may separate these elements into distinct questions for a jury to answer, each element is still essential to a claim for breach of contract such that a failure by the jury to find any element means the plaintiff failed on its claim. *Id.* Because the jury found that Defendant breached the SDA but did not award damages, the R&R agreed with Defendant that Plaintiff was not a prevailing party on its breach of contract claim. *Id.*

The R&R notified the parties of the right to object to "specific proposed findings or recommendations to which objection is made" and specifically warned the parties that a failure to object would result in a waiver of the right to *de novo* review by the Undersigned as well as a waiver of the right to appeal the Undersigned's decision adopting the R&R. R&R 8, ECF No. 115. Plaintiff failed to object to this conclusion, and the Court therefore **ADOPTS** the R&R on this basis without conducting a *de novo* review. The Court, accordingly, **DENIES** Plaintiff's motion for attorneys' fees and costs, ECF No. 103.

Even if the Court were to consider Plaintiff's objections to the primary portion of the R&R, it would overrule the same.

With respect to their factual objections, Plaintiff first argues that the R&R incorrectly states that there were only two claims relating to the software development project (cross claims for breach of contract) when in fact there were twelve claims. Obj. 2–4, ECF No. 116.

This objection is not well taken. The SDA provides for attorney fees only for legal actions to enforce the SDA. SDA 6, ECF No. 1-3, PAGEID # 70 ("If any legal action is necessary to enforce this Agreement, the prevailing party will be entitled to reasonable attorney fees, costs and expenses."). Therefore, only the two competing breach of contract claims serve as potential bases for an award of attorneys' fees. The other "claims" listed by Plaintiff are either not claims to

enforce the SDA[1] or not "claims" at all but rather arguments or requests for relief.[2] Regardless, whether there were two or twenty claims that provided potential grounds for attorneys' fees matters not—what matters is whether Plaintiff was a "prevailing party" on any such claim, an issue Plaintiff's first objection does not address with any force.

Second, Plaintiff objects to the R&R's legal conclusion that Plaintiff is not a "prevailing party" under applicable case law. Plaintiff argues that the R&R either misapplied applicable law or relied upon state law other than Ohio law, which is inapplicable law.[3]

Specifically, Plaintiff contends that the R&R's reliance on *Escue v. Sequent, Inc.*, No. 2:09-cv-765, 2015 WL 470838 (S.D. Ohio Feb. 4, 2015) is misplaced because it is distinguishable from this case. Plaintiff argues that whereas *Escus* involved two competing claims, this case involved twelve claims related to the SDA. As discussed above, the Court rejects that argument.

Further, Plaintiff argues that the R&R cited the correct legal standard from *Makers Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012) (determining whether party was a "prevailing party" under Federal Rule of

---

[1] By definition, claims such as promissory estoppel, quantum meruit/unjust enrichment, theft, or conversion would not be claims to enforce the SDA.
[2] The argument that Defendant would suffer irreparable injury and corresponding request for an injunction or declaratory relief are not "claims." Nor is a request for punitive damages a "claim."
[3] Because the R&R's discussion of state law was not material to its conclusion that Plaintiff was not a "prevailing party" under *federal law*, the Court need not address Plaintiff's argument that the R&R improperly considered law from states other than Ohio.

Civil Proceudre 54(d)) but misapplied that standard to the facts of this case in finding that there was no judicially-sanctioned change in the relationship of the parties. Plaintiff contends that the following shows a judicially-sanctioned change in the relationship of the parties: (1) Defendant failed in its quest to force Plaintiff to turn the software over to Defendant; (2) Plaintiff was relieved from performing certain obligations under the SDA; (3) the relationship between the parties has been severed; (4) Plaintiff owns 100% of the software and may do with it what Plaintiff wants; (6) Defendant gained nothing for the money it spent under the SDA; and (7) Plaintiff gains a windfall because it was paid under the SDA and also gets to keep the software. Obj. 6, ECF No. 116.

This argument likewise is unpersuasive. The only relief Plaintiff sought in its breach of contract claim is damages. Plaintiff won no damages. It therefore received no relief on the merits of its claim. Moreover, there is no declaratory judgment, settlement, or consent decree of any kind that sanctions a change in the legal relationship of the parties, and the jury verdict sanctions no such change. As the R&R noted, neither party won damages or declaratory relief on their breach of contract claims; thus, this litigation, like in *Escue v. Sequent*, resulted in equipoise.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's objection is **OVERRULED**, the R&R is **ADOPTED**, and Plaintiff's motion for attorneys' fees and costs, ECF No.

103, is **DENIED**. The Clerk shall remove ECF Nos. 103 and 115 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**